UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN B. WILSON, et al.,<br><br>        Plaintiffs<br><br>        v.<br><br>NETFLIX, INC., et al.,<br><br>        Defendants. | CIVIL ACTION<br>NO. 1:21-cv-10894 |

**DEFENDANTS' JURISDICTIONAL MEMORANDUM PURSUANT TO COURT'S ORDERS OF JUNE 2 AND JUNE 17, 2021**

Defendants Netflix, Inc., Netflix Worldwide Entertainment, LLC, 241C Library Films, LLC, Library Films, LLC, Jon Karmen, and Chris Smith (collectively, "the Defendants"), respectfully submit this memorandum pursuant to the Court's Orders of June 2 and June 17, 2021 (Dkt. 6, 11).

The June 2 Order required briefing on the issue of subject matter jurisdiction. The Order stated that Defendants' Notice of Removal "suggests that diversity jurisdiction exists only if plaintiff John Wilson, Jr. has been misjoined" and that "it appears that the issue of this court's jurisdiction should be decided before any decisions are made concerning the merits of this case." Dkt. 6 at 1-2. The June 17 Order further provided that the issues to be addressed should include the "standards and appropriate procedures for determining whether diversity jurisdiction exists, and whether any discovery is necessary to resolve this issue." Dkt. 11 at 1-2.[1]

As discussed below, under the doctrine of "fraudulent joinder" this court has jurisdiction to determine whether removal was proper. The jurisdictional issue is identical to one of the legal challenges in the motion to dismiss; that is, whether as a matter of law the complaint alleges a

---

[1] Counsel has submitted a declaration in accordance with Paragraph 1 of the June 17, 2021 Order and another declaration in accordance with Paragraph 2 of the Order.

cause of action on behalf of John B. Wilson, Jr. ("Wilson Jr."). As such, in determining whether it has jurisdiction the Court can consider the arguments made in the motion to dismiss. *See, e.g., Antony v. Duty Free America's Inc.*, No. 09-10862-NMG, 2009 WL 10694418 (D. Mass. 2009) (on motion to remand, rejecting plaintiff's argument "that because the Court lacks subject matter jurisdiction over the action, it may not entertain the defendants' motion to dismiss the co-defendants").[2]

As shown below, the case was properly removed on the grounds that the one non-diverse party to the case, Wilson Jr., was improperly joined as a plaintiff because "there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted" on his behalf. *Universal Truck & Equip. Co. v. Southworth–Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014*)*. The Court therefore has subject matter jurisdiction.

Defendants' subject matter jurisdiction argument is based upon a pure issue of law: whether the complaint sufficiently alleges a viable cause of action on behalf of Wilson Jr. Because removal is not based on a factual challenge to the allegations of the complaint (*e.g.*, Defendants do not seek to challenge whether Wilson Jr. is, in fact, a citizen of California), there is no need for discovery to resolve the jurisdictional issue. *See generally Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363-64 (1st Cir. 2001).

## I.  ARGUMENT

### A. Subject Matter Jurisdiction Exists If a Diverse Party Has No Viable Cause of Action.

Defendants' Notice of Removal is based on the improper joinder of Wilson Jr., a citizen of California, to this case. Although this jurisdictional theory often is called fraudulent joinder, the term "does not necessarily mean that the Plaintiff acted to mislead or deceive." *Carey v. Board of Governors of Kernwood Country Club*, 337 F. Supp. 2d 339, 342 (D. Mass. 2004). *See also*

---

[2] Defendants are filing today an Amended Motion to Dismiss seeking dismissal under Fed. R. Civ. P. 21 as well as under Fed. R. Civ. P. 12(b)(6). Because, as set forth herein, the standard for relief in this case is essentially identical under both Rules, the Amended Motion relies on the briefing filed by Defendants to date, including this memorandum.

*Coughlin v. Nationwide Mut. Ins. Co.*, 776 F. Supp. 626, 628 n.3 (D. Mass. 1991) (applying fraudulent joinder theory to retain jurisdiction although "there [was] no allegation that the plaintiffs acted to mislead or deceive"); *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 5 (D. Mass. 2001) (same).

"The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." *Id*. at 4. "[I]t is generally recognized that, under the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse [party] where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." *Hack v. Axa Equitable Life Ins. Co.*, No. 16-10051-MLW, 2016 WL 5662016, at * 1 (D. Mass. 2016) (quoting *Universal Truck & Equip.*, 765 F.3d at 108 (1st Cir. 2014) (internal quotation marks omitted)). The doctrine thus permits a federal court to "disregard, for jurisdictional purposes," the citizenship of non-diverse parties. *Universal Truck & Equip.*, 765 F.3d at 109-110 (quoting *Mayes v. Rappaport*, 198 F.3d 457 (4th Cir. 1999)).[3]

---

[3] "Although the 'fraudulent joinder' doctrine is most often applied in cases in which plaintiffs seek to defeat removal by fraudulently joining a forum or non-diverse defendant, courts have found that 'the fraudulent joinder doctrine can be applied to the alleged fraudulent joinder of a plaintiff.'" *Lothrop v. North American Air Charter, Inc.*, No. 13–10235–DPW, 2013 WL 3863917, at *3 (D. Mass. 2013) (quoting *Kansas State Univ. v. Prince*, 673 F.Supp.2d 1287, 1294 (D. Kan. 2009) (collecting cases); *see also O'Connell v. Wright Medical Group, Inc.*, NO. 11-10587-MBB, 2012 WL 13055101, at *3-4 (D. Mass. 2012) (applying fraudulent joinder analysis to plaintiff); *cf. Gentle v. Lamb-Weston, Inc.*, 302 F. Supp. 161, 163 (D. Me. 1969) ("the Court conceives it to be both its prerogative and its duty to pierce the appearance of plaintiff['s] interest in this case"). The First Circuit drew no distinction between plaintiffs and defendants in stating that "[a] *party* fraudulently joined to defeat removal is disregarded in determining diversity of citizenship." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) (emphasis added). *See generally Tom James Co. v. Zurich Am. Ins. Co.*, No. 120CV01415JPHDML, 2020 WL 6710797, at *3 (S.D. Ind. Nov. 13, 2020) ("district courts have had no difficulty applying the fraudulent joinder doctrine to nondiverse plaintiffs when a defendant has shown that a nondiverse plaintiff was improperly joined to defeat diversity jurisdiction"); *cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (describing fraudulent joinder argument in dicta and stating "[i]f the joinder of [the diverse plaintiff] is legitimate, the complete diversity required by 28 U. S. C. § 1332 . . . is absent," but holding that court had power to resolve the case on personal jurisdiction grounds rather than deciding subject matter jurisdiction issue).

"Although the First Circuit has not articulated a standard for evaluating a claim of fraudulent joinder, it has stated in dicta that 'a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined [party].'" *Mills*, 178 F. Supp. 2d at 4-5 (quoting *Polyplastics,* 713 F.2d at 877 (citing 1A James Wm. Moore et al., *Moore's Federal Practice* ¶ 0.161 [2] at 276 n. 5 (2d ed. 1993)). *See also Bay Equity LLC v. Total Mortg. Servs.*, LLC, No. 1:20-CV-10693-IT, 2020 WL 7353404, at *3-5 (D. Mass. Dec. 15, 2020) (applying "in effect, the substantive standard for a motion to dismiss under Rule 12(b)(6)" and denying motion to remand because claims failed to state a cause of action under state law); *O'Connell v. Wright Medical Group, Inc.*, NO. 11-10587-MBB, 2012 WL 13055101, at *4 (D. Mass. 2012) ("Using slight variations in terminology, district courts in the First Circuit interpret this statement to require a showing that the plaintiff has asserted no viable cause of action against the defendants.").

This Court has articulated the following fraudulent joinder standard:

> In order to show that naming a non-diverse [party] is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, *or* that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court.

*Hack v. Axa Equitable Life Ins. Co.*, No. 16-10051-MLW, 2016 WL 5662016, at * 1-2 (emphasis in original) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F. 3d 196, 207 (2d Cir. 2001)).

"A mere theoretical possibility of recovery under state law does not suffice to preclude removal." *Mills*, 178 F. Supp. 2d at 5 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000). Rather, it is enough for the removing party to show that "the plaintiff cannot state a reasonable or colorable claim for relief under the applicable substantive law[.]" Wright, Miller & Cooper, 13F *Federal Practice and Procedure*, *supra*, § 3641.1 at 465 (3d ed.).

---

fraudulently joined plaintiff would defeat diversity jurisdiction, and holding that district court had power to decide personal jurisdiction issue without resolving subject matter jurisdiction issue).

B. **The Court Need Not Permit Discovery or Conduct an Evidentiary Hearing to Decide Whether Removal Was Proper.**

"In assessing a claim of fraudulent joinder, the court is not bound by the allegations in the complaint and may consider affidavits and other materials that bear on the question of whether there is a reasonable basis for joinder of a defendant." *Hack*, 2016 WL 5662016, at * 2 (quoting *In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig.*, 76 F. Supp. 3d 321, 333 (D. Mass. 2015); *see also Mills*, 178 F. Supp. 2d at 5 ("In analyzing a claim of fraudulent joinder, a court is not held captive by the allegations in the complaint."). In this case, Defendants' jurisdictional argument is based on the allegations of the complaint and materials properly considered by the Court in ruling on a motion to dismiss. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss (Dkt. 8). *See also Badon*, 236 F.3d at 285 n.3 (considering "undisputed summary judgment type evidence"). Accordingly, there is no need for the parties to conduct discovery or for the Court to conduct an evidentiary hearing to resolve the jurisdictional issue.

In *Valentin*, the First Circuit described three categories of jurisdictional challenges. 254 F.3d at 362-63. Some challenges "present what amount to pure (or nearly pure) questions of law," such as whether a case is ripe, moot, or presents a federal question. *Id.* at 363. Other cases raise a "sufficiency challenge" in which the Court "must credit the well-pleaded factual allegations (usually taken from the complaint, but sometimes augmented by an explanatory affidavit or other repository of uncontested facts), draw all reasonable inferences from them in [plaintiff's] favor, and dispose of the challenge accordingly." *Id.* at 363. *See also Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007) ("facial challenges" require the court to determine if a plaintiff has sufficiently alleged a basis for subject matter jurisdiction); *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) ("when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must assume a standard patterned on Rule 12(b)(6)").

Still other cases involve disputes about the "accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff and proffering materials of evidentiary quality in support of that position." *Valentin*, 254 F.3d at 36.  In resolving these types of "factual challenges," the court must "address the merits of the jurisdictional claim by resolving the factual disputes between the parties" and may "order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction." *Id.*  *See also Kerns*, 585 F.3d at 193 ("when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts"); *Torres-Negron*, 504 F.3d at 162-63 & n.8 (factual challenges may be resolved by employing the summary judgment standard).[4]

Because Defendants' claim of subject matter jurisdiction is that Wilson Jr.'s complaint fails to state a cause of action and has no reasonable basis in law and fact, the procedures set forth by the *Valentin* Court for a "sufficiency challenge" apply here.

### C. The Jurisdictional Issue Should be Decided Based on the Legal Issue of Whether Wilson Jr.'s Claim Has a Viable Basis in Law and Fact.

Decisions in this District and elsewhere have resolved fraudulent joinder claims by determining whether the plaintiff has pleaded a viable cause of action.  For example, in *Antony*, 2009 WL 10694418 (D. Mass. 2009), a defamation action, the Court's fraudulent joinder finding was based on legal rulings that the complaint's "skimpy" allegations failed to sufficiently allege defamation and because the statements were, in any event, privileged. *Id.* at *3.  The *Mills* Court held that jurisdiction existed because one of the plaintiff's claims failed under Massachusetts law and the other claim had yet to be recognized by a Massachusetts appellate court.  178 F. Supp. 2d at 7, 9.  In *Carey*, the Court retained jurisdiction because the plaintiff's claims were barred by the Massachusetts Worker's Compensation Act.  *See* 337 F. Supp. 2d at 343 (joinder was fraudulent

---

[4] If a factual challenge to jurisdiction raises genuine disputes that are inextricably intertwined with the merits of the case, the court may defer resolution of the jurisdictional issue until the time of trial. *Valentin*, 254 F.3d. at 363 n.3; *Torres-Negron*, 504 F.3d at 163; *Kerns*, 585 F.3d at 193.

("meaning unlawful, not misleading or deceitful) because [plaintiff] has failed to state a viable claim against those defendants").[5]

This Court followed a similar approach in *Hack*, 2016 WL 5662016.  In that case, the Court granted a motion to remand because the defendants failed to show by clear and convincing evidence that there was no reasonable probability that the Supreme Judicial Court would find that the plaintiff stated a claim for negligence.  In reaching its conclusion, the Court analyzed the allegations of the complaint in light of Massachusetts appellate decisions and held that, in the absence of any controlling Massachusetts case law to the contrary, the defendants had not presented clear and convincing evidence that Supreme Judicial Court would reject an insured's negligence claim against a claims administrator.  *Id.* at *3.

Defendants respectfully submit that engaging in a similar analysis of Massachusetts law in this case compels the legal conclusion that Wilson Jr.'s defamation claim has no "reasonable basis in law and fact."  *Mills*, 178 F. Supp. 2d at 4.  As set forth in more detail in Defendants' Memorandum of Law in Support of their Motion to Dismiss (and incorporated herein by reference), the complaint fails to allege that Defendants published a defamatory statement "of and concerning" Wilson Jr., *see* Dkt. 8 at 4-7, 14-15, 19-20, or that the film at issue was anything but a privileged fair report with respect to Wilson Jr.  *Id.* at 12-19.

"Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction."  *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907).  Because there is no "reasonable possibility that the state's highest court would find that [Wilson Jr.'s] complaint states a cause of action upon which relief may be granted," the Court should "disregard, for jurisdictional purposes"

---

[5] *See also Bay Equity*, 2020 WL 7353404, at *3-5 (denying motion to remand based on analysis of claims of tortious interference, conspiracy, and unjust enrichment under Massachusetts law); *Alexander v. Lancaster*, 330 F. Supp. 341 (W.D. La. 1971) (denying motion to remand in libel case on the grounds that the non-diverse defendant was immune from liability).

Wilson Jr.'s citizenship, hold that subject matter jurisdiction exists, and grant Defendants' Amended Motion to Dismiss.  *Universal Truck & Equip.*, 765 F.3d at 108, 109-110.

## II.   CONCLUSION

For the foregoing reasons, and for those set forth in their Memorandum of Law in Support of Motion to Dismiss, Defendants request that the Court rule that this case was properly removed and grant Defendants' Amended Motion to Dismiss.

                By their attorneys,

                */s/Jonathan M. Albano*
                Jonathan M. Albano
                BBO #013850
                jonathan.albano@morganlewis.com
                **MORGAN, LEWIS & BOCKIUS LLP**
                One Federal Street
                Boston, MA  02110-1726
                +1.617.341.7700

Dated:  June 21, 2021

## CERTIFICATE OF SERVICE

I, Jonathan M. Albano, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 21, 2021.

                */s/ Jonathan M. Albano*
                Jonathan M. Albano