UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN B. WILSON, JOHN WILSON, JR., and LESLIE B. WILSON,<br>    Plaintiffs,<br><br>        v.<br><br>NETFLIX WORLDWIDE ENTERTAINMENT LLC, NETFLIX, INC., JON KARMEN, CHRIS SMITH, LIBRARY FILMS, LLC, and 241C FILMS, LLC,<br>    Defendants. | C.A. No. 21-10894-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                August 10, 2021

The parties have submitted memoranda concerning plaintiffs' motion for remand (Dkt. No. 19) as well as defendants' motion to dismiss (Dkt. No. 15). A central issue addressed in these memoranda is whether plaintiff John Wilson, Jr. was fraudulently joined to this action, which requires the court to consider the merits of his defamation claim. The parties analyze that claim under Massachusetts law. See Def't Jurisdictional Mem. (Dkt. No. 13) at 7; Pl. Consolidated Mem. (Dkt. No. 20) at 11. However, as defendants asserted in their Notice of Removal, John Wilson, Jr.'s defamation claim is likely governed by the substantive law of California. See Restatement (Second) of Conflict of Laws §150(2) ("When a natural person claims that he has been defamed by an aggregate communication, the state of most significant

relationship will usually be the state where the person was domiciled at the time, if the matter complained of was published in that state"); Notice of Removal (Dkt. No. 1) ¶39 (citing Green v. Cosby, 138 F. Supp. 3d 114, 124 (D. Mass. 2015); McKee v. Cosby, 236 F. Supp. 3d 427, 436 (D. Mass. 2017)). Therefore, the court is ordering the parties to address whether California or Massachusetts law concerning defamation governs and, in any event, whether there is any material difference between the law of each state.[1]

In addition, neither party has addressed cases indicating that the fraudulent joinder doctrine may not be applicable to plaintiffs. See, e.g., Breland Homes, LLC v. Wrigley, 2019 WL 1466239, at *8-11 (N.D. Ala. Apr. 3, 2019); Johnston Industries, Inc. v. Milliken & Co., 45 F. Supp. 2d 1308, 1310-14 (M.D. Ala. 1999); Reeves v. Pfizer, Inc., 880 F. Supp. 2d 926, 928-29 (S.D. Ill. 2012); Myers Industries, Inc. v. Young, 2013 WL 4431250. *2-4 (N.D. Ohio Aug. 16, 2013); Beasley Forest Prod., Inc. v. N. Clearing, Inc., 2021 WL 139985, at *4-5 (S.D. Ga. Jan. 14, 2021).

Accordingly, it is hereby ORDERED that, by 12:00 noon on August 13, 2021, the parties shall file supplemental memoranda

---

[1] The court notes that California's fair report privilege, unlike the fair report privilege in Massachusetts, is limited to reports published in a "public journal." Compare Cal. Civ. Code §47(d)(1); Healthsmart Pac., Inc. v. Kabateck, 7 Cal. App. 5th 416, 431 (2016), as modified (Jan. 10, 2017) with Howell v. Enter. Publ'g Co., LLC, 455 Mass. 641, 650-70 (2010).

2

addressing: (1) whether California or Massachusetts law governs John Wilson, Jr.'s defamation claim and the implications of that issue for the pending motions; and (2) whether the fraudulent joinder doctrine applies to plaintiffs as well as defendants and, if not, whether this case should be remanded without prejudice to possible removal if the state court dismisses or grants defendants summary judgment on John Wilson, Jr.'s claims. See, e.g., Breland, 2019 WL 1466239, at *8.

                                                            /s/ Mark L. Wolf
                                                       UNITED STATES DISTRICT JUDGE