UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN B. WILSON, LESLIE WILSON, and
JOHN B. WILSON, JR.,

        Plaintiffs,

    v.

NETFLIX, INC., NETFLIX WORLDWIDE
ENTERTAINMENT, LLC, 241C FILMS,
LLC, LIBRARY FILMS LLC, JON
KARMEN, and CHRIS SMITH,

        Defendants.

Civil Action No.
1:21-CV-10894-MLW

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
IN RESPONSE TO COURT'S ORDER (ECF NO. 28)**

Plaintiffs John B. Wilson ("Mr. Wilson"), Leslie Wilson ("Mrs. Wilson") and their son,

John B. Wilson, Jr. ("Johnny Wilson") (collectively, "Plaintiffs" or "the Wilsons"), respectfully

submit this supplemental memorandum to address the questions raised by the Court in its

Memorandum and Order dated August 10, 2021 (ECF No. 28).

I.    **Whether California or Massachusetts law governs Johnny Wilson's defamation
claim and the implications of that issue for the pending motions?**

Massachusetts law governs Johnny Wilsons defamation claim because the parties in their

briefs have applied Massachusetts law and because there is a "reasonable relation" between the

dispute and the forum whose law has been invoked by the parties. Given this, the Court may

"forego independent analysis" of the choice of law question.[1] *See, e.g., Carey v. Bahama Cruise*

---

[1] Given Plaintiffs' position, in response to the Court's second question, that the fraudulent
joinder doctrine does not properly apply to the alleged misjoinder of plaintiffs, *see infra* section
II, the Court should remand the case without consideration of the choice of law issues raised by

*Lines*, 864 F.2d 201, 206 (1st Cir. 1988).  Even if the Court were to undertake an independent analysis – and it should not given the parties' agreement – the result would be the same where California defamation law does not differ in any material respect with regard to the issues raised in the parties' pending motions.  The SJC has held that California's fair report privilege is substantially similar to its Massachusetts counterpart.  *Howell v. Enter. Publ'g Co., LLC*, 455 Mass. 641, 656 (2010).  Although the California privilege, codified at Cal. Civ. Code § 47(d), applies on its face to reports published in a "public journal," California courts have interpreted that term to encompass all forms of public media including print, online and television.  *See Mattel, Inc. v. Luc*e, No. B143260, 2001 WL 1589175, at *10–12 (Cal. Ct. App. Dec. 13, 2001), as modified (Jan. 8, 2002).

### a. The Court should apply Massachusetts defamation law where neither party has argued for the application of California law.

"Where both parties agree on the proper substantive law to be applied, there is generally no need to engage in further choice-of-law analysis."  *Scottsdale Ins. Co. v. United Rentals (N. Am.), Inc.*, 152 F. Supp. 3d 15, 19 (D. Mass. 2015) (citing *Williams v. Astra USA, Inc.*, 68 F. Supp. 2d 29, 36 (D. Mass. 1999)).  *See also In re Newport Plaza Assoc., L.P.*, 985 F.2d 640, 644 (1st Cir.1993) ("When opposing parties agree to the source of the substantive law that controls their rights and obligations, and no jurisdictional concerns are present, a court is at liberty to accept such an agreement without independent inquiry."); *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 206 (1st Cir. 1988) (given "reasonable relation" between dispute and forum whose law was invoked by parties, court may "forego independent analysis" of choice-of-law issue); *Moores v. Greenberg*, 834 F.2d 1105, 1107 n.2 (1st Cir. 1987) (noting that when the parties

---

the Court.  Plaintiffs nonetheless set forth their position on the choice of law issues in response to the Court's order.

agree on what substantive law controls, a federal court "ordinarily should" accept their agreement). This is true even where the Court questions whether the parties' choice of substantive law is correct. *See Lluberes v. Uncommon Prods., LLC*, 663 F.3d 6, 23 (1st Cir. 2011) (explaining that "[w]hen the parties agree on the substantive law that should govern, 'we may hold the parties to their plausible choice of law, whether or not that choice is correct'" (quoting *Perry v. Blum*, 629 F.3d 1, 8 (1st Cir. 2010)); *Sodexo, Inc. v. Jordan*, No. 18-CV-12036-DJC, 2020 WL 2129712, at *3 (D. Mass. May 5, 2020) (deferring to parties' application of Maryland substantive law despite observing that it "may not in fact be the correct choice under Massachusetts choice of law principals").

Here, although Defendants initially asserted in their Notice of Removal (ECF No. 1) that California law applied (presumably so that they could attempt to avail themselves of California's Anti-SLAPP law, Cal. Civ. Code 425.16(f)), Defendants subsequently retreated from that position, and instead invoked Massachusetts defamation law in both their memorandum of law in support of their motion to dismiss (ECF No. 15) and in their jurisdictional memorandum setting forth the legal basis for their removal of this case to federal court (ECF No. 13).[2] Plaintiffs, for their part, saw no reason to challenge Defendants' application of Massachusetts law to Johnny Wilson's claim and agreed that Massachusetts law applies. Defendants have accordingly waived any argument that California law applies to Johnny Wilson's defamation claim. *See Shimizu Corp. v. Dow Roofing Sys., LLC*, No. CIV.A. 11-30085-DPW, 2013 WL 5513035, at *10 (D. Mass. Sept. 27, 2013) ("a court *may* find waiver for failure to timely raise choice-of-law issues or when opposing parties agree to the source of the substantive law" (emphasis in original)); *In*

---

[2] Defendants ultimately did not move to dismiss under California's Anti-SLAPP statute and the sixty (60) day deadline for them to do so has long since expired. *See* Cal. Civ. Proc. Code 425.16(f).

*re Fraden,* 317 B.R. 24, 35 n.25 (Bankr. D. Mass. 2004) ("Other jurisdictions have similarly concluded that a party's failure to raise choice-of-law issues in a timely manner ... results in the waiver of any subsequently-raised choice of law argument."). *Cf. Patton v. Johnson*, 915 F.3d 827, 836–37 (1st Cir. 2019) ("We think it self-evident that a party cannot invite the trial court to employ one source of applicable law and then — after the trial court has accepted his invitation — try to convince the court of appeals that some other source of law would be preferable.").

       **b.  The parties' agreement to apply Massachusetts law is a reasonable choice to which the Court should defer.**

As the Court notes in its Memorandum and Order, under Massachusetts choice of law principles which this Court applies in diversity actions, there is a presumption that the state of a plaintiff's domicile supplies the substantive law applicable to a defamation claim asserted by that plaintiff.   In Massachusetts, courts resolve choice-of-law questions "'by assessing various choice-influencing considerations,' including those provided in the Restatement (Second) of Conflict of Laws (1971)." *Cosme v. Whitin Mach. Works, Inc.*, 417 Mass. 643, 646 (1994) (citation omitted) (quoting *Bushkin Assocs. v. Raytheon Co.*, 393 Mass. 622, 631 (1985)). "When a defamatory statement is published in multiple states, the Restatement applies the law of the state with the 'most significant relationship to the occurrence and the parties,' . . .  which 'will usually be the state where the [defamed] person was domiciled at the time, if the matter complained of was published in that state[.]'" *McKee v. Cosby*, 874 F.3d 54, 59-60 (1st Cir. 2017) (citing Restatement (Second) of Conflict of Laws §§ 150(1) & (2) (1971)).  However, there are exceptions to this presumption, including where a plaintiff suffers a greater reputational injury in a state other than his state of domicile. *See* Restatement (Second) of Conflict of Laws § 150 (1971) cmt. e; *Neelon v. Krueger*, 63 F. Supp. 3d 165, 173 (D. Mass. 2014) ("[i]n a case of multi-[forum] publication, the Restatement [of Conflict of Laws] suggests that either that law of

the state of residence of the plaintiff, or the law of the state where the defamatory communication caused plaintiff the greatest injury to its reputation should apply." (citations omitted)).  Here, Johnny Wilson suffered his most substantial injury in Massachusetts where he was born, where his father and the rest of his family still resides, and where many of his lifelong and closest relationships exist.  Although Johnny currently resides in California and lived there for many years while growing up, he and his family have spent significant time in Massachusetts every year where Johnny has made multiple decades-long friendships.  Further, while the Film aired globally, logic dictates that the epicenter of the so-called "Varsity Blues" case is and remains Boston, the fair report privilege which Defendants rely upon concerns court proceedings in Massachusetts, and the truth or falsity of Defendants' reporting impacts the jury pool here.  At the very least, given the global airing of the episode and our era of instant global communication, it cannot be said that Johnny sustained any deeper reputational injury in California than he did in Massachusetts.[3]   Therefore, the Court cannot say that the parties' agreement to apply Massachusetts law is not "plausible" or that Massachusetts bears no "reasonable relation" to this lawsuit.  *See Perry*, 629 F.3d at 8; *Carey,* 864 F.2d at 206.

> **c. There is no material difference between Massachusetts and California defamation law with regard to the issues raised in the parties' pending motions.**

Although, as the Court notes, California's fair report privilege applies on its face to reports published in a "public journal," Cal. Civ. Code § 47(d), California courts have interpreted that term to encompass all forms of public media including print, online and television.  *See Avalos v. Rodriguez,* No. F077350, 2020 WL 5887560, at *6 (Cal. Ct. App. Oct. 5, 2020);

---

[3] To the extent there are questions regarding, e.g., the reputational injury suffered by Johnny Wilson in Massachusetts, discovery would be required to resolve them.  *See Avalanche IP, LLC v. FAM, LLC*, No. 20-CV-10102-ADB, 2021 WL 149258, at *4 (D. Mass. Jan. 15, 2021) (noting that choice of law determination may need to await relevant discovery).

*Healthsmart Pac., Inc. v. Kabateck,* 7 Cal. App. 5th 416, 432, 212 Cal. Rptr. 3d 589, 601 (2016)*,* as modified (Jan. 10, 2017); *Mattel, Inc. v. Luc*e, No. B143260, 2001 WL 1589175, at \*10–12 (Cal. Ct. App. Dec. 13, 2001), as modified (Jan. 8, 2002); *Green v. Cortez*, 151 Cal. App. 3d 1068, 1073, 199 Cal. Rptr. 221 (Ct. App. 1984).   Thus, the SJC has expressly observed that California's fair report privilege is substantially similar to its Massachusetts counterpart: "While not identical to the privilege articulated in the Restatement (Second) of Torts § 611 (1977), and while the privilege in Massachusetts is based on the common law, *nothing indicates that California recognizes a privilege that is different in substance from ours*."   *Howell v. Enter. Publ'g Co., LLC*, 455 Mass. 641, 656 (2010) (emphasis supplied).   When two states' laws are "substantially similar", a court sitting in diversity may forego the choice of law analysis entirely. *Russomano v. Novo Nordisk Inc*., 960 F.3d 48, 53 (1st Cir. 2020); *Darr v. Plaintiffs' Interim Exec. Comm. (In re TelexFree)*, 941 F.3d 576, 584 n.5 (1st Cir. 2019) ("[W]hen the result in a case will not be affected by the choice of law, an inquiring court, in its discretion, may simply bypass the choice.").[4]   The substantial similarity between California and Massachusetts law is even more reason for the Court to defer to the parties' application of Massachusetts law.

## II.   Whether the fraudulent joinder doctrine applies to plaintiffs as well as defendants and, if not, whether this case should be remanded without prejudice to possible subsequent removal?

In prior briefing, Plaintiffs assumed, as other Courts in this District have (in the absence of contrary authority from the Supreme Court or First Circuit), that the fraudulent joinder doctrine applies equally to the alleged misjoinder of non-diverse plaintiffs as it does to the

---

[4] There *are* material differences between Massachusetts' and California's Anti-SLAPP laws which might otherwise bear on the choice of law analysis. *See Ayyadurai v. Floor64, Inc.*, 270 F. Supp. 3d 343, 352–55 (D. Mass. 2017).  However, as already noted, Defendants have not filed an Anti-SLAPP motion and the time to file such a motion under California's Anti-SLAPP statute has expired, *see* Cal. Civ. Proc. Code 425.16(f), making this issue moot.

misjoinder of non-diverse defendants.  *See, e.g., Lothrop v. North American Air Charter, Inc.*, No. 13–10235–DPW, 2013 WL 3863917, at *3 (D. Mass. 2013); *O'Connell v. Wright Medical Group, Inc*., NO. 11-10587-MBB, 2012 WL 13055101, at *3-4 (D. Mass. 2012).  However, upon reviewing the comprehensive analysis of this issue undertaken by the court in *Breland Homes, LLC v. Wrigley*, No. 5:18-CV-1350-CLS, 2019 WL 1466239 (N.D. Ala. Apr. 3, 2019), Plaintiffs conclude that the more correct view is that the fraudulent joinder doctrine applies only to the alleged misjoinder of defendants, not plaintiffs.  The reasons for this are primarily twofold, as explained by the Court in *Breland*.

First, as a general principle, in keeping with the limited scope of federal jurisdiction, "any doubts as to the propriety of removal should [be] construed against the party seeking removal." *Sullivan v. Gallery Auto. Grp., LLC*, No. CV 16-12552-GAO, 2017 WL 3142465, at *3 (D. Mass. July 25, 2017).  *See Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 2004) (holding that "any ambiguity" as to whether plaintiff's complaint triggered federal question jurisdiction "ought to be resolved against removal.").  Where neither the Supreme Court nor the First Circuit has apparently considered or decided whether the fraudulent joinder doctrine applies equally to the alleged misjoinder of plaintiffs, that is reason enough for this Court not to apply the doctrine in this circumstance "so as to not unnecessarily expand the exercise of federal jurisdiction." *Breland*, 2019 WL 1466239 at *10 (absence of definitive guidance from court of appeals and split among district courts created "legal ambiguity" which counseled against removal); *see also Myers Industries, Inc. v. Young*, No. 5:13-CV-01278, 2013 WL 4431250, at *3 (N.D. Ohio Aug. 16, 2013) (same).

Second, although it may not be readily apparent, there is in fact a logical distinction to be drawn between plaintiffs and defendants with respect to the fraudulent joinder doctrine.  As the

court in *Breland* observed, a diverse defendant presumptively lacks standing in state court to move to dismiss a claim asserted against a separate, diversity-destroying defendant, and therefore must resort to removing the case to federal court and challenging the misjoinder there. *Breland*, 2019 WL 1466239 at *11. In contrast, a defendant who believes that a *plaintiff* has been misjoined to defeat diversity jurisdiction may simply move to dismiss that plaintiff's claims in state court, and if successful, remove the case to federal court.[5] *Id.* Following this procedural route has the added benefit of allowing a state court to resolve "questions about the viability of the state law claims" which "are more appropriately resolved by the state courts." *Id.* This reasoning applies with even greater force in this case, where the grounds Defendants advance for the dismissal of Johnny's claim (the fair report privilege) are identical to the grounds they advance in support of dismissal of the complaint in its entirety. There is no reason why Defendants cannot challenge the viability of Johnny Wilson's defamation claim (and the complaint in its entirety) via a motion to dismiss in state court, and if the motion is successful as to Johnny's claim but other claims remain, remove the action to federal court at that time.

---

[5] Pursuant to 28 U.S.C. § 1446(b)(3), a defendant has 30 days from the date a case becomes removable, e.g., as a result of the dismissal of a diversity-destroying party, to remove a case to federal court.

Dated:  August 13, 2021             JOHN B. WILSON, LESLIE WILSON, and
JOHN B. WILSON, JR.,

By their attorneys,


*/s/ Howard M. Cooper*
Howard M. Cooper (BBO # 543842)
hcooper@toddweld.com
Christian G. Kiely (BBO # 684308)
ckiely@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626


## CERTIFICATE OF SERVICE

I, Christian G. Kiely, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


*/s/ Christian G. Kiely*
Christian G. Kiely

Dated:  August 13, 2021